In re Heather Elizabeth ROCHET.

No. 2010–SC–000013–KB.

Supreme Court of Kentucky.

March 18, 2010.

### OPINION AND ORDER

By order of this Court dated December 28, 2009, Heather Elizabeth Rochet, KBA Number 89673, was suspended from the practice of law in Kentucky for the nonpayment of Kentucky Bar Association dues for the fiscal year which began July 1, 2009. *See* SCR 3.050. Rochet's last known bar address is 4616 Northridge Circle, Crestwood, Kentucky 40014. Rochet now moves for us to reconsider and vacate the rule absolute and order of suspension imposed against her.[1] CR 76.38(2). For the below stated reasons, we deny Rochet's motion to reconsider.

Rochet requests we reconsider the rule absolute and order of suspension because her failure to pay bar dues was a result of "inadvertence, excusable neglect, and/or extraordinary reasons." In support of her request she submits the following hardships which presumably kept her from paying her bar dues: she is caring for eight children; her mother fell and sustained a hip fracture requiring Rochet to care for her; her son sustained multiple injuries due to wrestling; and her husband was given a reduced work schedule leading to financial difficulties.

However, a motion to reconsider an order of this court under CR 76.38 must show in some manner that our order is erroneous or improvident before we will grant it. Rochet fails to present any evi-

---

1. Rochet's motion cites CR 60.02 as authority to reconsider our order. But since CR 60.02 is the rule for reconsidering orders issued by a district or circuit court we will consider this a motion under CR 76.38 since that is the rule for reconsideration of orders issued by an appellate court.

dence that our order of suspension against her was erroneous or improvident. In fact, Rochet admits that she failed to pay her bar dues in a timely manner, and thus suspension was mandated under our rules. SCR 3.050.

There are several ways in which Rochet could have avoided being suspended prior to the entry of our order. SCR 3.040 allowed Rochet to file for a hardship exception and receive an exemption from paying bar dues. Rochet also could have responded to the notifications sent to her pursuant to SCR 3.050 permitting her to show cause why she should not be suspended for nonpayment of bar dues. Rochet does not allege that she did not receive these notices. She took advantage of neither option.

The correct path to being restored to membership to the Kentucky Bar Association after being suspended for failure to pay dues is provided in SCR 3.500. While we sympathize with Rochet's difficulties, her situation does not compel a bending of our well-settled rules.

Thus, Rochet's motion to reconsider our rule absolute and order of suspension entered December 28, 2009, is hereby DENIED.

All sitting. All concur.

ENTERED: March 18, 2010.

/s/ John D. Minton Jr.
    Chief Justice